IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-44,551-05




EX PARTE ROBERT JAMES CAMPBELL




ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
FROM CAUSE NO. 586190-E IN THE 232NDJUDICIAL DISTRICT COURT
HARRIS COUNTY



           Per Curiam. Alcala, J., filed a dissenting statement in which Price,
Johnson, and Cochran, JJ., joined. 

O R D E R

           This is a subsequent application for a writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071 § 5, and a motion to stay
applicant’s execution.
           In May 1992, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant’s punishment at death. This
Court affirmed applicant’s conviction and sentence on direct appeal. Campbell v. State,
910 S.W.2d 475 (Tex. Crim. App. 1995). Applicant filed his initial post-conviction
application for a writ of habeas corpus in the convicting court on April 23, 1997. This
Court denied applicant relief. Ex parte Campbell, No. WR-44,551-01 (Tex Crim. App.
Mar. 8, 2000)(not designated for publication). Application filed his first subsequent
application in the trial court on May 28, 2003, in which he asserted that his execution
would violate the Eighth Amendment because he was mentally retarded and that the jury
should have determined the issue of mental retardation. This Court dismissed applicant’s
first subsequent application. Ex parte Campbell, No. WR-44,551-02 (Tex. Crim. App.
July 2, 2003)(not designated for publication). In his second subsequent habeas
application, which was filed in the trial court on August 14, 2006, applicant raised Brady
and actual innocence claims. This Court dismissed that application on April 25, 2007. Ex
parte Campbell, 226 S.W.3d 418 (Tex. Crim. App. 2007). Applicant’s third subsequent
habeas application, in which he raised a Penry claim, was filed in the trial court on
September 5, 2012. After filing and setting the application, the Court denied relief in an
unpublished opinion. Ex parte Campbell, No. AP-76,907 (Tex. Crim. App. Nov. 7,
2012)(not designated for publication). The instant application was filed in the trial court
on May 5, 2014.
           In this application, applicant asserts that he is mentally retarded and, therefore, his
execution will violate the Eighth Amendment. He further asserts that he was deprived of
competent counsel in his initial writ application and that this Court should nonetheless
consider his effective assistance of trial counsel claim.
           We have reviewed the application and find that the allegations do not satisfy the
requirements of Article 11.071 § 5. Accordingly, the application is dismissed as an abuse
of the writ. Art. 11.071 § 5(c). Further, we decline to re-open the prior writ applications
in which applicant previously raised these claims. Applicant’s motion to stay his
execution is denied.
           IT IS SO ORDERED THIS THE 8th DAY OF MAY, 2014.
Publish